IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER P. WHITE,** | : | CIVIL ACTION NO. 4:22-CV-1692 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# ORDER

AND NOW, this 4th day of March, 2024, upon consideration of the report (Doc. 73) of Magistrate Judge Daryl F. Bloom, wherein Judge Bloom recommends that the court (1) grant the motions (Docs. 46, 48) to dismiss plaintiff Christopher White's amended complaint (Doc. 16) filed by the Commonwealth of Pennsylvania and the Lycoming County judicial[1] and assistant district attorney ("ADA")[2] defendants (collectively, "county defendants") on grounds of sovereign, judicial, and prosecutorial immunity, respectively, (see Doc. 73 at 11-15); (2) dismiss White's

---

[1] The judicial defendants include the Honorable Nancy Butts, President Judge of the Lycoming County Court of Common Pleas, and Magisterial District Judges Allen Page and Christian Frey. In addition to suing President Judge Butts in her judicial capacity, White also raises claims against her in her official capacity as a member of the Lycoming County Prison Board.

[2] In addition to Ryan Gardner, the District Attorney of Lycoming County, the ADA defendants include ADAs Joseph Ruby, Martin Wade, Devin Walker, and Mark Williamson.

claims against the remaining defendants[3] because they fail as a matter of law, insofar as (a) White cannot assert ineffective assistance of counsel against his public defender under 42 U.S.C. § 1983, (see Doc. 73 at 15-16); (b) White's conclusory allegations[4] fail to demonstrate Lycoming County's liability pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), (see Doc. 73 at 16-19); (c) Lycoming County's Prison Board—not the County—would be the proper defendant against which to assert Monell liability for unlawful prison policies or customs, (see id. at 19-20 (citing, *inter alia*, Tarapchak v. Lackawanna County, 173 F. Supp. 3d 57, 85 (M.D. Pa. 2016)));[5] (d) White failed to allege any facts in support of his conspiracy claim that the defendants acted with discriminatory

---

[3] The remaining defendants are White's former Public Defender, Jon Higgins; Detectives Michael Cashera, Tyson Havens, Curt Loudenslager, Jonathan Rachael, and Simpler (no given name) (collectively, "law enforcement defendants"); and Lycoming County Prison Secretaries Angela Lepley and Christopher Shuck.

[4] White alleges that Lycoming County "has a policy, custom, and long-standing practice to unlawfully target, harass, arrest, and convict black males from Philadelphia, PA that move to the City of Williamsport, PA to live." (See Doc. 16 ¶ 18). He further contends that, per prison policy, certain inmates "on MSMU and SMU status are not allow[ed] to attend [the] Law Library if they are represented by an attorney," (see id. ¶ 23; see also ¶ 27), and that he personally "was subjected to more unreasonable searches, and seizures, showers at 4:00 AM, and strip searches every night, and in front of female correctional officers watching the security monitors inside of the sub control," (see id. ¶ 24; see also id. ¶ 28 (averring that the prison "force[s] inmates in disciplinary lockup to take showers at 3:00, and 4:00 AM, and get their cells searched, while handcuffed every night")).

[5] Moreover, because the claims stemming from President Judge Butts' membership on the Prison Board would be derivative of White's claim against the Board itself, we may dismiss her from that portion of his amended complaint as well. See Cuvo v. De Biasi, 169 F. App'x 688, 693 (3d Cir. 2006) (nonprecedential) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); McMillian v. Monroe County, 520 U.S. 781 (1997)).

animus because of his race or other protected classification, (see id. at 20-21); (e) his false-arrest claim is time-barred, (see id. at 22-23); (f) both his false-arrest and malicious-prosecution claims fail in the absence of plausible averments that law enforcement lacked probable cause to arrest and prosecute him, (see id. at 23-24); and (g) his claim that prison secretaries violated his right of access to the courts by withholding his inmate account statements is unavailing because the record demonstrates he was granted leave to proceed *in forma pauperis*, (see id. at 25); and (3) deny White's motion (Doc. 55) to amend his complaint to substitute one ADA defendant for another because leave to amend would be futile in light of the ADA defendants' entitlement to immunity, (see id. at 15), and the court noting that White has filed objections (Docs. 74, 75) to the report, see FED. R. CIV. P. 72(b)(2), and that the county defendants have filed a response (Doc. 76) thereto, and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), and the court finding Judge Bloom's analysis regarding the Commonwealth's and county defendants' entitlement to immunity, the various deficiencies in White's claims against the remaining defendants, and the futility of granting leave to add another ADA defendant to be well-reasoned and fully supported by the applicable law, and White's objections to be without merit, but the court also noting that courts must generally grant leave to amend before dismissing civil rights claims if a curative amendment is conceivable, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), and further noting that

certain of the deficiencies identified by Judge Bloom are primarily factual rather than legal in nature,[6] and that curable amendment is conceivable, it is hereby ORDERED that:

1. Magistrate Judge Bloom's report (Doc. 73) is ADOPTED in part.

2. Defendants' motions (Docs. 46, 48) to dismiss are GRANTED as follows:

   a. White's claims against the Commonwealth of Pennsylvania, the judicial defendants, the ADA defendants, Attorney Higgins, and the Lycoming County Prison secretaries are DISMISSED with prejudice.

   b. White's false-arrest claim is DISMISSED as time-barred and with prejudice.

   c. White's claim against President Judge Butts in her official capacity as a member of the Lycoming County Prison Board is DISMISSED without prejudice to his right to assert the same claim against the Prison Board.

   d. White's remaining claims are DISMISSED without prejudice for the reasons stated in Judge Bloom's report.

3. White's motion (Doc. 55) to amend to add a new ADA defendant is DENIED.

---

[6] Specifically, White's Monell claim against Lycoming County arising from actions unrelated to Lycoming Prison, and his race-based conspiracy and malicious-prosecution claims against the individual defendants who are not entitled to judicial or prosecutorial immunity, fail due to a paucity of plausible factual averments. It is conceivable that White might adduce enough facts in a second amended complaint to address the shortcomings set forth in Judge Bloom's report with respect to those claims. (See Doc. 73 at 16-19, 20-21, 23-25). Accordingly, we will grant White leave to file a second amended complaint limited to those issues, and to add the Lycoming County Prison Board as the proper defendant to respond to the portion of his Monell claim stemming from prison policies or customs, should he choose to reassert that claim.

4.     White is granted leave to file a second amended complaint in conformity with Judge Bloom's report and this order on or before **Monday, March 25, 2024**. In the absence of a timely filed second amended complaint, the Clerk of Court shall close this case.

5.     This case is REMANDED to Judge Bloom for all further pretrial proceedings, including report and recommendation on dispositive motions.

 

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania